HON. JAMES L. MAGAVERN County Attorney, Erie County
This is to supplement earlier correspondence with Mr. Ippolito and to respond more fully to the question whether, in the context set forth by him, the New York State Department of Correctional Services (department) has any liability for the cost of a parolee's hospitalization at the County Hospital, Buffalo, New York.
The question arises essentially out of the following circumstances: An inmate, while incarcerated in a State correctional facility, became physically and mentally ill, spending a certain period of time in the correctional facility hospital wing. In the circumstances given, it appears the inmate subsequently became eligible for parole release; because of this, efforts were made on his behalf to place him, once on release, in a required nursing home or hospital setting.
Upon release to parole, the individual was accompanied by a parole officer to the County Hospital in Buffalo. Buffalo was the parolee's residence before his incarceration. Further assistance was given by a parole officer to the parolee in his application for whatever public medical assistance to which he may have been entitled.
The original diagnosis of the parolee's condition on admission to the hospital was subsequently revised, and determination made that he no longer required hospitalization; rather, it was determined there was need for continuing nursing home care. He remained at the hospital for a certain interval until efforts to place him in a nursing home were successful. The Erie County Department of Social Services apparently is exploring means by which it may reduce costs by the county incurred for the man's hospitalization.
It is clear that where an individual is sentenced to an indeterminate sentence, as must underlie the case given, he is thereupon placed in custody of the department and confined in an institution "maintained by the department until paroled, conditionally released, transferred to the care of another agency or released or discharged in accordance with the law" (Correction Law § 72). The Commissioner of Correctional Services, who has "the superintendence, management and control of the correctional facilities in the department and of the inmates confined therein" (Correction Law § 112[1]), is required to provide "for such measures as he may deem necessary or appropriate for the safety, security and control of correctional facilities and the maintenance of order therein" (Correction Law § 137[1]). Such measures include provision for the treatment of inmate medical illness during incarceration (7 NYCRR 52.6; Correction Law §23[2]). However, no statute or regulation can be found to indicate that the department is liable in any respect for the costs of hospitalization of one released to parole (Social Services Law §§ 363 through 369). Liability for public assistance furnished an individual can be created only by statute (Social Services Law § 101; Albany Medical Hospital v. Ray,39 Misc.2d 326; 329; Matter of Falletta, 22 Misc.2d 991, 992; Matterof Hough, 11 Misc.2d 183).
Added support that the department has no liability for cost of a parolee's hospitalization may be found in Social Services Law §118, which provides in pertinent part:
 "The continuous residence required to acquire state residence or to establish liability for payment for hospital or other institutional care shall not include any period during which the person was * * * (b) an inmate of any public institution * * *."
An inference may be raised from this language that, by reason of exclusion of the period of incarceration in determining one's eligibility for public assistance and care, the providing public welfare district cannot look to the department for reinbursement simply because an individual spent a period of time in one of its institutions.
That assistance was given the parolee by a parole officer in getting to the hospital and in applying for whatever public medical assistance to which he may have been entitled is of no significance. The relationship between a parole officer and a parolee is akin to a social caseworker-client relationship (7 NYCRR 1925.1). The assistance given in the circumstances by a parole officer to a parolee would be considered an ordinary effort to assist the parolee to adjust as best he is able to the community in which he is to reside after his release from a State correctional facility. Then too, any person requesting medical assistance may make application therefor personally or "through another in his behalf" (Social Services Law § 366-a[1]).
Therefore, we are of the opinion the department is in no way liable for the hospital costs incurred by an inmate after his release to parole.